# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 14-36V
Filed: September 20, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOAN KARL, | * | Not for Publication |
| | * | |
| Petitioner, | * | |
| v. | * | Attorney's Fees and Costs; |
| | * | Contested; Forum Rate |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Howard Gold, Gold Law Firm, LLC, Wellesley Hills, MA,* for petitioner.
*Ryan Pyles, United States Department of Justice, Washington, DC,* for respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On January 16, 2014, Joan Karl ("Ms. Karl" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged an influenza ("flu") vaccine she received on January 6, 2012 led her to develop "Significant Tachycardia, Inappropriate Sinus Tachycardia, Non-Specific ST Abnormalities and palpitations." *See generally* Petition ("Pet."), ECF No. 1; Petitioner's Exhibit ("Pet. Ex.") 2. Petitioner and respondent stipulated to a settlement in this matter on April 21, 2016. Stipulation for Award, ECF No. 37. Petitioner now seeks an award of attorney's fees and costs in the amount of $29,749.31, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 42, at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

After careful consideration, the undersigned has determined to **grant the request in full** for the reasons set forth below.

### I.     Procedural History.

This case filed on January 16, 2014, and initially assigned to Special Master Hamilton-Fieldman. ECF No. 2. Petitioner filed medical records on April 14, 2014. ECF No. 6. Respondent filed her Rule 4(c) Report on May 29, 2014. Petitioner filed her expert report on October 3, 2014, and a supplemental expert report on January 16, 2015. ECF No. 13, 16. Petitioner filed a second supplemental expert report on April 29, 2015. ECF No. 21. Respondent filed her expert report on July 24, 2015. A status conference was held on August 18, 2015, in which Special Master Hamilton-Fieldman strongly encouraged the parties to informally resolve this matter; the special master ordered petitioner to submit a demand to respondent by September 1, 2015. *See* Scheduling Order, ECF No. 25. The parties then submitted a series of status reports updating the court on their progress towards settlement (see, e.g., Status Reports, ECF Nos. 26, 27, 29, and 31).

This case was reassigned to me on January 14, 2016; that same day, I issued an order directing respondent to send the joint stipulation to petitioner within fifteen weeks. ECF No. 35. A stipulation of settlement was filed on April 21, 2016. Stipulation, ECF No. 37. I issued a decision approving the settlement on April 22, 2016. Decision, ECF No. 38.

Petitioner filed a motion for attorney's fees on May 16, 2016. Motion, ECF No. 42. Petitioner requested attorney's fees in the amount of $22,371.75 and costs in the amount of $7,377.56, for a total of $29,749.31. *Id*. According to billing records submitted with his application, petitioner's counsel has requested hourly rates of $370 for work performed in 2016, $360 for work performed in 2015 and 2014, and $345 for work performed in 2013. ECF No. 42-2. Paralegal work was billed at an hourly rate of $125 for work performed in 2015 and 2014, and $110 for work performed in 2013. *Id*.

Respondent filed a response to the petitioner's motion for fees on June 3, 2016. Response to Motion for Attorney's Fes ("Response"), ECF No. 43. Respondent noted that the hourly rates requested by petitioner's counsel, Mr. Howard Gold, were inconsistent with the hourly rates that he has requested in other cases; however, she made no suggestions as to what would constitute a reasonable hourly rate. Response at 3. Petitioner did not file a reply.

This matter is now ripe for decision.

### II.     Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). This is a discretionary determination made by the Special Master, requiring no line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Rather, the fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956,

at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The Federal Circuit advised in Avera that "to determine an award of attorneys' fees, a court in general should use the forum rate in the lodestar calculation." *Avera v. Sec'y HHS*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). The Court noted that the forum rate should only be deviated from when the "*Davis* exception" applies. *Id*. The *Davis* exception applies when the bulk of an attorney's work "is done outside the jurisdiction out of the court and where there is a *very significant* different in compensation favoring D.C." *Id*. (citing *Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999) (emphases in original).

The recent decision in *McCulloch* provides a framework for determining the appropriate hourly rate for attorneys who qualify for the forum rate. Special Master Gowen established appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* For 4 to 7 year years of experience, $275 to $350 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id*.

In determining an appropriate hourly rate, Special Master Gowen concluded that the following factors should be considered: (1) the prevailing rate for comparable legal work in the forum of Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorneys in the Vaccine Program; (4) the overall legal experience of the attorneys; (5) the quality of the work performed in vaccine cases; and (6) reputation in the legal community and community at large. *Id*. at *17.

### III.  Discussion.

In her response, respondent submitted no direct opposition to the rates submitted by Mr. Gold; but merely stated that Mr. Gold has previously requested a different rate. Response at 3. Respondent "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice*, and reiterated the fact that 'the determination of [attorney's] fees "should not result in a second major litigation."' Response at 2-3.

In the instant application, petitioner has requested hourly rates for Mr. Gold of $345 for work performed in 2014, $360 for work performed in 2015, and $370 for work performed in 2016. Conversely, respondent states that in recent cases, Mr. Gold has requested hourly rates of $300 and $315. *See Follen v. Sec'y of HHS*, No. 13-967V, 2015 WL 3610564 (Fed. Cl. Spec. Mstr. May 20, 2015; *Callahan v. Sec'y of HHS*, No. 13-7V, 2015 WL 5276536 (Fed. Cl. Spec.

Case 1:14-vv-00036-UNJ   Document 48   Filed 10/17/16   Page 4 of 5

Mstr. August 17, 2015). However, the fees in those cases were agreed upon and issued before *McCulloch* was issued on September 1, 2015.

Since filing the instant application, Mr. Gold has subsequently requested, and been granted without objection from respondent, rates of $370 and $360 for work performed in 2016 and 2015, respectively. See *Ivy v. Sec'y HHS*, No. 15-1569, 2016 WL 4924483 (Fed. Cl. Spec. Mstr. August 11, 2016); *Petrillo v. Sec'y HHS*, No. 15-1441, 2016 WL 4717989 (Fed. Cl. Spec. Mstr. August 15, 2016).

Mr. Gold practices in Wellesley Hills, MA, which is part of the Boston metro area; as determined in *McCulloch*, there is not a "very significant" difference in the forum rates of Washington, D.C., and Boston, and thus, the *Davis* exception does not apply. *McCulloch* at *10-11. Therefore, Mr. Gold is eligible for forum rates under *McCulloch*. Howard Gold is an experienced attorney who has been practicing law for 24 years. Affidavit in Support ("Affidavit") at 1. He has been barred in the Court of Federal Claims since 1999, and has represented petitioners in the Vaccine Program for 16 years. *Id*. According to the McCulloch framework, Mr. Gold's experience well qualifies him for his requested rates of $370 for work performed in 2016, $360 for work performed in 2014 and 2015, and $345 for work performed in 2013.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Exhibit A, ECF No. 42. I therefore see no reason to reduce petitioner's application for fees and costs.

## IV.   Total Award Summary.

I find that petitioner's counsel's request is reasonable and she is entitled to the requested fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **a check in the amount of $29,749.31[3] made payable jointly to petitioner, Joan Karl, and petitioner's counsel of record, Howard Gold, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master